**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. ) I.D. NO.: 1712008278
)
JOSEPH E. JONES, )
)
Defendant. )

Submitted: January 19, 2025
Decided: February 18, 2025

**<u>ORDER</u>**

This is the Court's ruling on Defendant's motion for postconviction relief under Rule 61 of the Delaware Rules of Criminal Procedure.

1. The Defendant engaged in numerous sexual acts with his seven-year-old daughter over the course of several months. She eventually told her mother, who went to the police. Defendant was indicted on three counts of Rape 1st degree, one count of sexual abuse of a minor by a person in a position of trust, authority or supervision, and one count of continuous sexual abuse of a child. He elected to enter a guilty plea to one count of continuous sexual abuse of a child. Exposed to a potential sentence of 25 years to life in prison, the Court imposed 40 years in prison, followed by community supervision.

1

2. A full history of the many prior pleadings and decisions of the courts serves little purpose. Besides the guilty plea and sentence imposed in 2018, the Court issued a decision on a *pro se* Rule 35 motion, a counseled Rule 35 motion, both of which were eventually denied. The gist of the complaint in those proceedings was that Jones' sentence was too long. That ruling was reviewed by the Supreme Court and affirmed in 2021.[1]

3. That was followed by another round of Rule 35 motions alleging that his sentence under 11 *Del. C.* §4205 was illegal. That motion was denied, and that ruling was affirmed by the Supreme Court.[2]

4. Jones tried again under Rule 35(a), again arguing that the guilty plea and sentence were illegal. Again, the Court denied the motion and again the Supreme Court affirmed the ruling.[3]

5. Jones was undeterred. He filed another Rule 35(a) motion, once again arguing that guilty plea was flawed and the sentence illegal. The Court denied relief, which denial was affirmed on appeal in December 2024.[4]

---

[1] *Jones v. State*, 252 A.3d 445, 445 (Del. 2021).

[2] *Jones v. State*, 298 A.3d 667, 667 (Del. 2023).

[3] *Jones v. State*, 283 A.3d 81, 81 (Del. 2022).

[4] *Jones v. State*, 2024 WL 5055061, at *3 (Del. Dec. 9, 2024).

6. The ink was barely dry on the most recent affirmance of the Rule 35(a) motions by the Delaware Supreme Court before Jones filed this, his first Rule 61 motion for postconviction relief.

7. In this motion, Jones again attacks his guilty plea and sentence. He continues to complain that his sentence was illegal – it was not – but now he says that his

> admitted conduct constitutes 3 counts of Unlawful Sexual Contact in the Second Degree and as a result the Superior Court lacks subject matter jurisdiction to enter a judgment of conviction pursuant to the offense under Count 6 of the Indictment.[5]

8. The motion is not well taken. First, he says this claim may be raised because it attacks the jurisdiction of the Court and is therefore excepted under Rule 61(i)(5).[6] But 3 Counts of Unlawful Sexual Contact are within the jurisdiction of the Superior Court. Count 6 of the Indictment, alleging Continuous Sexual Abuse of a Child is within the jurisdiction of the Superior Court, as were the three counts of

---

[5] D.I. 83 Amended Mot. for Postconviction Relief Mem. (Jan. 19, 2025) at 2.

[6] Under Rule 61(i)(5), the bars to relief in paragraphs (1) (relating to time limitations), (2) (relating to successive motions), (3) (relating to procedural default), and (4) (relating to former adjudication) of "this subdivision shall not apply . . . to a claim that the court lacked jurisdiction." Super. Ct. Crim. R. 61(i)(5).

Rape 1st degree in the Indictment. His claim that the Superior Court is or ever was without jurisdiction over his case is utterly without merit.

9. Jones now presents an argument that what is obvious from the charges, the guilty plea colloquy and the sentence is not what really happened. In some sort of Alice in Wonderland fantasy, he says he actually pled guilty to 3 counts of Unlawful Sexual Contact Second Degree – crimes he was never charged with. He relies on the guilty plea colloquy, in which he was asked if

> Between January 26, 2016 and December 6, 2017, in New Castle County, Delaware, while residing in the same home with a minor child, and had recurring access to the child, intentionally engage in three or more acts of sexual contact with the child who was under the age of 14 at the time? [7]

On this indictment charging continuous sexual abuse of a child, Jones pled guilty.

10. Now Jones argues that he did not plead guilty to continuous sexual abuse of a child, as reflected in Count 6 of the Indictment, on the signed Plea Agreement, the Signed Truth in Sentencing Form, or the colloquy above. Rather, he says he pled guilty to 3 counts of Unlawful Sexual Contact in the Second Degree – crimes for which he was never charged, never indicted and appear on no paperwork whatsoever in connection with his case. Then he says the Court had no jurisdiction

---

[7] Plea Colloquy Transcript at 6-7 (Apr. 16, 2018), *Jones v. State*, Cr. ID No. 1712008278.

over Unlawful Sexual Contact Second Degree. Well, it is true that he was not indicted for Unlawful Sexual Contact Second Degree. But that is not what he pled guilty to.

11. To be clear, the Court understands — 3 acts of unlawful sexual contact second degree over a 3-month period with a minor child with whom you live are the predicate acts for liability under the Continuous Sexual Abuse of a Child statute — the one he was indicted for and the one that appears on the plea agreement and the Truth in Sentencing guilty plea form. Jones' attempt to conjure up a non-existent charge and then spin it into a non-existent plea agreement and then argue his sentence was illegal and/or the Court is without jurisdiction . . . no. Perhaps the argument made more sense when Jones thought it up, but it makes none at all once committed to paper.

12. The Court finds Defendant's motion for relief under Rule 61 to be utterly without merit and it is **DENIED**.

**IT IS SO ORDERED.**

/s/ **Charles E. Butler**
Charles E. Butler, Resident Judge

cc:     Prothonotary
        Erika Flaschner, Deputy Attorney General
        Joseph E. Jones (SBI # 00870557)

5